## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 05-112 (SLR) |
| STEGMAN FAMILY DELAWARE TRUST AND A.I. CREDIT CORPORATION, | ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## ANSWER OF A.I. CREDIT CORPORATION TO COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER

A.I. Credit Corporation ("Defendant"), by and through its attorneys, Ashby & Geddes, for its answer (the "Answer") to the Complaint of American General Life Insurance Company ("Plaintiff") for Declaratory Judgment and Interpleader (the "Complaint"), respectfully states as follows:

### PARTIES

1.      Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 1 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

2.      Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 2 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

3.      Defendant denies the allegations set forth in paragraph 3 of the Complaint. Defendant affirmatively asserts that it is a New Hampshire corporation with its principal place of business in Jersey City, New Jersey.

## JURISDICTION AND VENUE

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

5.      Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint that Plaintiff is a citizen of the State of Texas and that Defendant Stegman Family Delaware Trust (the "Trust") is a citizen of the State of Delaware, and therefore denies same and demands strict proof thereof at trial. Defendant denies the allegation set forth in paragraph 5 of the Complaint that it is a citizen of the state of New York, and affirmatively asserts that it is a citizen of the State of New Jersey. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint as to the amount in controversy and as to whether complete and minimal diversity exists pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1335(a)(1), and therefore denies same and demands strict proof thereof at trial.

6.      Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 6 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

## FACTS

7.      Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8.      Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9.      Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10.     Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 10 of the Complaint regarding whether Plaintiff received notice in December 2003, and therefore denies same and demands strict proof thereof at trial. Defendant affirmatively asserts that such notice was provided no later than December 2003.

Defendant admits the allegations set forth in paragraph 10 of the Complaint that Defendant was granted an assignment of all benefits under policy number U10018739L (the "Policy") as part of the Omnibus Amended and Restated Assignment of Life Insurance Policy as collateral Agreement (the "Agreement") dated November 25, 2003. In answer to the remaining allegations in paragraph 10, Defendant asserts that the Agreement is a legal document that speaks for itself and no responsive pleading is required. To the extent a response may be required, Defendant denies the remaining allegations of paragraph 10.

11.   Defendant admits the allegations set forth in paragraph 11 of the Complaint. Defendant denies that the Trust is entitled to benefits under the Policy.

12.   Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 12 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

### Material Misrepresentation

13.   Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 13 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

14.   Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 14 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

### COUNT I
### DECLARATORY JUDGMENT

15.   Defendant incorporates paragraphs 1-14 of the Answer by reference.

16.   Defendant admits the allegation set forth in paragraph 16 of the Complaint that an actual controversy exists between the parties as to whether Plaintiff is liable to the Trust and/or Defendant for the proceeds of the Policy. Defendant affirmatively asserts that Defendant is

3

entitled to the proceeds of the Policy. The remaining allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required. To the extent a response may be required, Defendant lacks information sufficient to form a belief as to the truth or falsity as to the remaining allegations set forth in paragraph 16 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

17.     The allegations contained in paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required. To the extent a response may be required, Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 17 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

18.     The allegations contained in paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. To the extent a response may be required, Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 18 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Defendant takes no position as to the relief requested by Plaintiff in relation to Count I of the Complaint except that Defendant requests the Court deny any award of attorneys fees and costs to Plaintiff except in accordance with the Policy and the Agreement, and for such other and further relief as this Court deems just and equitable.

## COUNT II
## INTERPLEADER

19.     Defendant incorporates paragraphs 1-18 of the Answer by reference.

20.    Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 20 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

21.    Defendant admits the allegation set forth in paragraph 21 of the Complaint that Plaintiff is subject to two demands for the refund of premiums of the Policy, and is now in the position of addressing conflicting claims by competing claimants for the refund of premiums. Defendant denies the allegations set forth in paragraph 21 of the Complaint to the extent they allege that the Trust may be entitled to any refund of premiums from the Policy. Defendant affirmatively asserts that it is entitled to the entirety of the refund of premiums from the Policy. The remaining allegations contained in paragraph 21 of the Complaint are legal conclusions as to which no responsive pleading is required. To the extent a response may be required, Defendant lacks information sufficient to form a belief as to the truth or falsity as to the remaining allegations set forth in paragraph 21 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

22.    The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required. Defendant asserts that the quoted statute speaks for itself.

23.    Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 23 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

24.    Answering paragraph 24 of the Complaint, Defendant asserts that the Policy is a legal document that speaks for itself, and no responsive pleading is required. To the extent a response may be required, Defendant denies the allegations of paragraph 24. Defendant affirmatively asserts that it is entitled to the entirety of the refund of premiums from the Policy.

25.    Defendant admits the allegations set forth in paragraph 25 of the Complaint, and affirmatively asserts that Defendant is entitled to the benefits or other payments due under the Policy.

26.    Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 26 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

27.    Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 27 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

28.    Answering paragraph 28 of the Complaint, Defendant asserts that the Plaintiff's motion is a legal document that speaks for itself, and no responsive pleading is required. To the extent a response may be required, Defendant lacks information sufficient to form a belief as to the truth or falsity as to the allegations set forth in paragraph 28 of the Complaint, and therefore denies same and demands strict proof thereof at trial.

29.    Defendant denies each and every allegation of the Complaint not expressly admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

30.    Defendant raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendant reserves the right to raise additional defenses.

## **RELIEF REQUESTED**

**WHEREFORE**, Defendant prays for the following relief:

a.  that the Court determine that Defendant is entitled to be paid the entirety of all the benefits, refund of premiums or other payments due under the Policy and award judgment to Defendant in an amount not less than $905,211.00;

b.  that the Court deny Plaintiff's request for attorneys fees and costs incurred in this matter except in accordance with the Policy and Agreement;

c.  that the Court award the Defendant attorneys fees and costs in accordance with the Agreement;

d.  that the Court grant other and further relief as it deems just and equitable.

ASHBY & GEDDES

William P. Bowden (I.D.#2553)
Don A. Beskrone (I.D. #4380)
222 Delaware Ave., 17th Floor
Wilmington, DE  19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Counsel for Defendant A.I. Credit Corporation*

Date: April 14, 2005
155825.1

7