IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>STEGMAN FAMILY DELAWARE TRUST AND A.I. CREDIT CORPORATION,<br><br>    Defendants. | Civil Action No. 05-112 (SLR) |

**STIPULATION AND ORDER REGARDING DISPOSITION OF INTERPLED FUNDS, DISMISSAL OF COUNT II OF COMPLAINT AND DISMISSAL OF A.I. CREDIT CORPORATION AS DEFENDANT**

This Stipulation and Order Regarding Disposition of Interpled Funds, Dismissal of Count II of Complaint and Dismissal of A.I. Credit Corporation as defendant (the "Stipulation") is entered into by and among American General Life Insurance Company ("American General"), Stegman Family Delaware Trust (the "Trust") and A.I. Credit Corporation ("A.I. Credit") (each individually a "Party" and collectively, the "Parties").

WHEREAS, in July 2003, American General issued to the Trust a certain life insurance policy insuring Stegman (defined below), identified in the Complaint as policy no. U10018739L (the "Policy"), with a face amount of $7,200,000;

WHEREAS, A.I Credit loaned funds to Ardsley Group LLC, who in turn loaned funds to the Trust for use to pay insurance premiums on the Policy;

WHEREAS, pursuant to the Omnibus Amended and Restated Assignment of Life Insurance Policy as Collateral Agreement, dated November 25, 2003 (the "Assignment"),

and in consideration of the loan from A.I. Credit, the Trust granted an assignment of benefits under the Policy to A.I. Credit;

WHEREAS, the Trust borrowed $905,211.00 and paid this amount to American General as premiums on the Policy;

WHEREAS, following the May 23, 2004 death of the insured individual, Emanuel Stegman ("Stegman"), both the Trust and A.I. Credit submitted claims for benefits under the Policy;

WHEREAS, on or about February 25, 2004, American General filed a Complaint (the "Complaint") for Declaratory Judgment and Interpleader requesting, *inter alia*, (i) a declaratory judgment that the Policy was void *ab initio*, or has been rescinded by American General; and (ii) interpleader of $905,211.00 plus interest (the "Premium Funds"), representing the full amount of premiums paid under the Policy;

WHEREAS, on June 14th, 2005, the Court entered an Order granting American General's Motion to Allow Interpleader of Funds (the "June 14th Order");

WHEREAS, the Premium Funds have not yet been deposited in the Registry of the Court;

WHEREAS, the Parties conferred and agreed to a resolution regarding Count II of the Complaint and payment of the Premium Funds to A.I. Credit and hereby desire to stipulate and agree as follows;

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is herewith acknowledged, it is hereby STIPULATED AND AGREED by the Parties, subject to the approval of the Court, that:

1. The June 14th Order shall be modified as set forth herein.

2. The Premium Funds which are the subject of the June 14th Order shall be paid by American General in their full amount directly to A.I. Credit within ten (10) calendar days of the date of entry of this Stipulation as an Order of the Court.

3. Count II of the Complaint shall be dismissed with prejudice.

4. The Complaint shall be dismissed with prejudice as to defendant A.I. Credit and the caption of the case shall be amended accordingly.

5. Except for the obligations contained in or reserved by this Stipulation and on condition that the Parties timely and fully perform in accordance with this Stipulation, American General waives and hereby releases and discharges A.I. Credit, its employees, officers, directors and attorneys from any and all claims, claims for relief and causes of action of any nature or type, whether known or unknown, that American General has or may have against A.I. Credit relating to or concerning the Policy and/or the subject matter of the Complaint.

6. Except for the obligations contained in or reserved by this Stipulation and on condition that the Parties timely and fully perform in accordance with this Stipulation, the Trust waives and hereby releases and discharges A.I. Credit, its employees, officers, directors and attorneys from any and all claims, claims for relief and causes of action of any nature or type, whether known or unknown, that the Trust has or may have against A.I. Credit relating to or concerning the Policy, the Assignment and/or the subject matter of the Complaint.

7. Except for the obligations contained in or reserved by this Stipulation and on condition that the Parties timely and fully perform in accordance with this Stipulation, A.I. Credit waives and hereby releases and discharges each Party, its employees, officers,

directors and attorneys from any and all claims, claims for relief and causes of action of any nature or type, whether known or unknown, that A.I. Credit has or may have against any Party relating to or concerning the Policy, the Assignment and/or the subject matter of the Complaint.

8. This Stipulation is subject to the approval of the United States District Court for the District of Delaware.

9. This Stipulation shall be governed by the internal laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation or principle that would result in the application of any other state's law.

10. The Parties warrant and represent that each of them is the sole and current owner of the claims released by this Stipulation and that each party is respectively authorized to enter into this Stipulation. Each individual signing this Stipulation on behalf of any party represents and warrants that he/she has full authority to do so.

11. The Parties acknowledge that this Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior and contemporaneous agreements, negotiations and understandings with respect to the subject matter hereof are of no force or effect and are superseded by this Stipulation.

12. The Parties agree that this Stipulation may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

13. The Parties agree that this Stipulation may be executed in one or more counterparts and by facsimile signature, any one of which need not contain the signatures

of more than one party, and all such counterparts taken together shall constitute one and the same Stipulation.

[Remainder of page left intentionally blank]

| | |
|---|---|
| RICHARDS, LAYTON & FINGER | ASHBY & GEDDES |
| /s/ | /s/ |
| Jeffery L. Moyer (#3309)<br>Matther W. King (#4566)<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700 | William P. Bowden (I.D. #2553)<br>Don A. Beskrone (I.D. #4380)<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 |
| *Of Counsel:* | *Counsel for A.I. Credit Corporation* |

Michael D. Mulvaney
David P. Donahue
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama
Phone: (205) 254-1000

*Attorneys for American General Life Insurance Company.*


PARKOWSKI, GUERKE & SWAYZE, P.A.

/s/

Michael W. Arrington (I.D. #3603)
Michael W. Teichman (I.D. #3323)
800 King Street, Suite 203
Wilmington, DE 19801
(302) 654-3300

*Attorneys for Stegman Family Delaware Trust*


SO ORDERED this ___ day of _____, 2005.

_____
Hon. Sue L. Robinson
Chief United States District Judge

158691.1