IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEGMAN FAMILY DELAWARE )<br>TRUST, )<br>)<br>Defendant ) | C.A. No. 05-112-SLR |

**SCHEDULING ORDER**

This 8th day of July, 2005, the plaintiff, American General Life Insurance Company. ("American General"), and the defendant, Stegman Family Delaware Trust, ("Stegman Trust"), having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties exchanged on **June 20, 2005** the information required by Fed. R. Civ. P. 26(a)(i) and D. Del. LR 16.2.

2. **Discovery.**

(a) After conferring, the parties have identified the following subjects upon which one or both of them will seek discovery:

    (i) The claim for benefits under Policy No. U10018739L, insuring the life of Emanuel Stegman, submitted to American General.

    (ii) The medical history of Emanuel Stegman.

    (iii) The underwriting policies and practices of American General

The parties expressly reserve their right to object to any of the aforementioned discovery and seek discovery on other topics necessary to prepare this matter for trial.

(b) All discovery shall be commenced in time to be completed by **October 31, 2005**.

(c) There shall be a maximum of 25 interrogatories to be propounded by each party to any other party. However, the parties expressly reserve the right to move the Court for permission to propound additional interrogatories should they deem it necessary as the case progresses.

(d) There shall be a maximum of 25 requests for admission propounded by each party to any other party. However, the parties expressly reserve the right to move the Court for permission to propound additional requests for admission should they deem it necessary as the case progresses.

(e) There shall be a maximum of 5 depositions by each party. However, the parties expressly reserve the right to move the Court for permission to take additional depositions or agree that additional depositions be taken should they deem it necessary as the case progresses.

(f) Each deposition is limited to a maximum of one day of 7 hours unless extended by agreement of the parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof are due by **September 2, 2005**. Rebuttal expert reports due by **October 7, 2005**. All <u>Daubert</u> motions due by **November 18, 2005**.

(h) Supplementations under Rule 26(e) due by **November 2, 2005**.

(i) **Discovery Disputes**. Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone

conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before **August 15, 2005.**

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of ADR.

5. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

6. **Pretrial Conference.** A pretrial conference will be held on **January 10, 2006** at 4:30 p.m. in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference. At that conference, counsel shall advise the Court whether the case will proceed to trial or can be resolved by dispositive motions based upon stipulated facts.

7. **Trial.** This matter is scheduled for a 3 day bench trial commencing on **January 24, 2006** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Honorable Sue L. Robinson
United States District Court Judge